

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WILLIAM T. DIVANE, JR., et al., )
)
Plaintiffs, )
)
vs. ) No. 06 C 4100
)
ATASH INDUSTRIES, INC., et al., )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs sued Atash Industries, Inc., Atash Fire & Safety Equipment Co., Inc., Focus Fire Protection, Inc., ABCII and Robert J. Schlyer for past due ERISA contributions. The defendants move for summary judgment. That motion is denied.

Defendants first contend that a judgment against John Putrich, the principal of Atash Electrical Contractors, Inc. (Atash I), entered by Judge Hibbler in case no. 04 C 3266, acts as a *res judicata* bar to recovery here. But that judgment was entered against a different party, not a defendant here, on a separate and separable claim arising from NSF checks. *Res judicata* does not apply.

They also contend that the alleged violations of the Illinois Uniform Fraudulent Transfer Act (740 ILCS/150/1 *et seq.*) are without merit. The complaint alleges that Atash I, the contract signatory, operated through Atash alter egos; that the alter egos purportedly executed an assignment for the benefit of creditors and transferred all the assets to ABCII, of which Schlyer is president; that ABCII purportedly sold the assets to Focus Fire Protection, Inc (Focus), a corporation formed by individuals associated with the Atash entities; and that the assignment and subsequent sale violated the UFTA and were in breach of fiduciary duties

and obligations to the plaintiffs. According to defendants all the property transferred was subject to valid liens and Focus is paying those liens. But there is no Local Rule 56.1 statement to that effect, and the representations of an attorney are no substitute.

Finally, defendants attack plaintiffs' claim that the assignment violated the Illinois Corporate Fiduciary Act (CFA), 205 ILCS.620/1-1 *et seq*. They argue that the assignment was overseen by defendant Schlyer, an Illinois attorney, and thus is exempt from the CFA. Plaintiffs point to another exemption, which does not cover the circumstances here, but the exemptions are disjunctive. Defendants may well be right about the lack of applicability of the CFA, but the parties have discussed the issue so briefly that we are not at all sure just what the CFA allegations contribute to the claims and whether they should remain. But we can leave that to another day because the case will go forward regardless of the ruling on that issue.

JAMES B. MORAN
Senior Judge, U. S. District Court

Dec. 22, 2006.